[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 215.]

AKRON BAR ASSOCIATION *v*. PETERS.

[Cite as *Akron Bar Assn. v. Peters*, 2002-Ohio-639.]

*Attorneys at law—Misconduct—Two-year suspension commencing on May 23, 2000—Convictions for having an unlawful interest in a public contract, conflict of interest, and conspiracy to commit mail fraud.*

(No. 01-1560—Submitted October 16, 2001—Decided January 30, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-98.

_____

*Per Curiam*.

{¶ 1} On May 23, 2000, being advised that respondent, Cindy Virginia Peters of Akron, Ohio, Attorney Registration No. 0021345, had been convicted of a felony, we suspended her from the practice of law for an interim period as provided in Gov.Bar R. V(5)(A)(4). *In re Peters* (2000), 89 Ohio St.3d 1403, 728 N.E.2d 1089.

{¶ 2} On December 4, 2000, relator, Akron Bar Association, filed a complaint charging that respondent's conviction constituted a violation of several provisions of the Code of Professional Responsibility. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 3} Based on the stipulations of the parties, the panel found that from February 1994 through January 1998, while serving as representative of Summit County on the Akron Metropolitan Housing Authority, respondent was employed by a consultant to the housing authority. During that time she shared fees and other items of value she received from the consultant with the Summit County Executive Director. In addition, the executive director, with the knowledge of respondent,

recommended that law firms retained by Summit County pay the consultant for work on Summit County projects. These financial arrangements were not disclosed to the public.

{¶ 4} As a result of an investigation, respondent was indicted and in November 1999, pled guilty in state court to having an unlawful interest in a public contract, a felony under Ohio law, and conflict of interest, a misdemeanor under Ohio law. She also pled guilty in federal court to conspiracy to commit mail fraud. In February 2000, the federal district court sentenced her to be incarcerated for four months followed by home confinement and electronic monitoring for the next six months, and ordered her to pay $70,000 in restitution. The panel concluded that respondent's conduct and convictions constituted violations of DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law), 7-102(A)(7) (a lawyer shall not counsel or assist a client in conduct that the lawyer knows to be illegal or fraudulent), 7-102(A)(8) (a lawyer shall not knowingly engage in illegal conduct or conduct contrary to a Disciplinary Rule), and 9-101(C) (a lawyer shall not state or imply the ability to influence improperly a tribunal, legislative body, or public official).

{¶ 5} The panel noted that respondent had no prior disciplinary offenses, had a minor role in the conspiracy, demonstrated remorse, cooperated fully in the disciplinary process, and was in the process of making restitution. It noted additionally that she is the sole provider for her family of two daughters, and that she has sought counseling. In addition, the panel received voluminous letters testifying to respondent's good character. The panel recommended that she be suspended from the practice of law for two years commencing the date that this court first imposed the interim suspension.

**{¶ 6}** The board adopted the findings, conclusions, and recommendation of the panel.

**{¶ 7}** On review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice for law for two years with the two-year suspension deemed to have commenced on May 23, 2000. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., not participating.

_____

*Thomas R. Pitts* and *Stanley Wiener,* for relator.

*Michael B. Bowler*, for respondent.

_____